UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-against-

ERALD ALIMEHMETI,

Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  3/13/2026

25 Cr. 120 (AT)

**ORDER**

ANALISA TORRES, District Judge:

By letter dated March 3, 2026, the Government advised the Court that "a potential conflict may arise in this case" related to Attorney Sabrina Shroff's representation of Defendant, Erald Alimehmeti ("Erald"), such that a *Curcio* hearing may be required. Gov't Ltr., ECF No. 35; *see United States v. Curcio*, 680 F.2d 881 (2d Cir. 1982). Shroff states that a *Curcio* hearing is unnecessary. *See* Shroff Ltr., ECF No. 40. The Court agrees.

Trial courts have an inquiry obligation to investigate the possibility of a potential or actual conflict when they are apprised of "the possibility of a conflict of interest." *United States v. Kliti*, 156 F.3d 150, 153 (2d Cir. 1998). If the Court finds that the record presents an actual or potential conflict, a "disqualification/waiver" obligation arises, under which the Court may need to conduct a *Curcio* hearing to determine whether the defendant can waive his right to conflict-free representation. *Id.* (quoting *United States v. Levy*, 25 F.3d 146, 153 (2d Cir. 1994)).

The Government states that a *Curcio* hearing may be required because Shroff previously represented Erald's brother, Sajmir Alimehmeti ("Sajmir"), in his criminal prosecution in which he was convicted of attempting to provide material support to the Islamic State and of making a false statement in a passport application. Gov't Ltr. at 1; *see also United States v. Sajmir Alimehmeti*, No. 16 Cr. 398 (S.D.N.Y.) (reflecting Shroff's pretrial representation). Sajmir pleaded guilty to both counts and in December 2019, was sentenced to 264 months' imprisonment. Gov't Ltr. at 1; *see also* Judgment, ECF No. 135, in 16 Cr. 398. The Government states that Erald and Sajmir have been in communication "from at least approximately 2015 to 2016 and again from approximately 2021 to 2024," and that one of Erald's devices, which allegedly contains evidence relevant to the instant case, previously belonged to Sajmir and was transferred to Erald in about July 2015. Gov't Ltr. at 1. The Government thus presents two examples of arguments that Shroff might make that could "divide her loyalties between clients": first, that she may argue that the aforementioned device actually belonged to Sajmir; and second, that she could argue at sentencing that Sajmir was a negative influence on Erald. *Id.* at 2.

However, the record reflects, and neither party disputes, that although both brothers were charged with terrorism-related offenses, their cases involve unrelated factual circumstances. *See* Shroff Ltr. at 1 (observing that "[t]here is no factual overlap between [her] prior representation and the conduct alleged in [the] indictment pending against Erald," "[a]ccording to the Government, Sajmir did not conspire with Erald," and "there are no overlapping witnesses"). And the Government states that Sajmir is not an alleged co-conspirator. Gov't Ltr. at 1.

Having reviewed the parties' papers and the record, the Court concludes that there is no factual basis for a *Curcio* hearing. "An attorney has a potential conflict of interest if 'the interests of the defendant may place the attorney under inconsistent duties at some time in the future.'" *United States v. Perez*, 325 F.3d 115, 125 (2d Cir. 2003) (quoting *Kliti*, 156 F.3d at 153 n.3). "In fulfilling th[e] initial obligation to inquire into the existence of a conflict of interest, the trial court may rely on counsel's representations." *Kliti*, 156 F.3d at 153 (citing *Levy*, 25 F.3d at 154). Although the Government claims that Shroff may make certain arguments that could divide her loyalties, Shroff has affirmatively denied that a potential conflict exists as to those issues. *See generally* Shroff Ltr. Although Shroff has a continuing duty of confidentiality to former clients like Sajmir, Shroff represents that she is "unaware" of any reason "why [her] duty of confidentiality to Sajmir might have any effect on how [she] litigate[s] questions of admissibility or other questions regarding the device in question." *Id.* at 1. Shroff also represents that she has "no duty of loyalty to Sajmir that would limit [her] ability to make [the possible sentencing] argument [on behalf of Erald], assuming there is a basis for it" and that she "learned nothing in confidence in the earlier, unrelated matter that would limit [her]" from making that argument on behalf of Erald. *Id.* at 1–2. The Court credits Shroff's representations. *See, e.g., Cuyler v. Sullivan*, 446 U.S. 335, 347 (1980) ("An attorney representing two defendants in a criminal matter is in the best position professionally and ethically to determine when a conflict of interest exists or will probably develop in the course of a trial." (cleaned up) (citation omitted)).

The Court, therefore, concludes that Shroff's representation of Erald does not present a potential conflict of interest and declines to hold a *Curcio* hearing. *See, e.g., Kliti*, 156 F.3d at 154–55 (holding that counsel's prior representation of a cooperating adverse witness did not require the district court to hold a *Curcio* hearing where counsel represented that he did not learn any information from the witness relevant to the case); *United States v. Schulte*, No. 17 Cr. 548, 2019 WL 4688707, at *4 (S.D.N.Y. Sept. 26, 2019) (denying request for *Curcio* hearing where "[i]t is far from clear that the scenario projected . . . will occur").

SO ORDERED.

Dated: March 13, 2026
New York, New York

_____
ANALISA TORRES
United States District Judge

2