UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-against-

ERALD ALIMEHMETI,

                              Defendant.

```
┌─────────────────────────────────┐
│ USDC SDNY                       │
│ DOCUMENT                        │
│ ELECTRONICALLY FILED            │
│ DOC #: _____          │
│ DATE FILED:  4/10/2026          │
└─────────────────────────────────┘
```

25 Cr. 120 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Defendant, Erald Alimehmeti, is charged in a two-count indictment with attempted provision of material support and resources to a designated foreign terrorist organization and distribution of information relating to explosives, destructive devices, and weapons of mass destruction. ECF No. 15. The Government moves *ex parte*, pursuant to Federal Rule of Criminal Procedure 16(d)(1) and Section 4 of the Classified Information Procedures Act ("CIPA"), for a protective order authorizing it to withhold certain classified materials from discovery. After extensive *in camera* review of the materials, the Court GRANTS the Government's motion.

## LEGAL STANDARD

"CIPA establishes procedures for handling classified information in criminal cases." *United States v. Aref*, 533 F.3d 72, 78 (2d Cir. 2008). CIPA is "meant to protect and restrict the discovery of classified information in a way that does not impair the defendant's right to a fair trial." *United States v. Stewart*, 590 F.3d 93, 130 (2d Cir. 2009) (citation omitted). Section 4 of CIPA establishes procedures for discovery of classified information and provides:

> The court, upon a sufficient showing, may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove. The court may permit the United States to make a request for such authorization in the form of a written statement to be inspected by the court alone. If the court enters an order granting relief following such an ex parte showing, the entire text of the statement of the United States shall be sealed and

preserved in the records of the court to be made available to the appellate court in the event of an appeal.

18 U.S.C. app. 3 § 4. To decide a Government motion pursuant to Section 4, the Court engages in a multi-part inquiry. *Aref*, 533 F.3d at 80; *see, e.g.*, *United States v. Schulte*, No. 17 Cr. 548, 2019 WL 3764662, at *2–3 (S.D.N.Y. July 22, 2019).

First, the Court must determine whether the materials are discoverable under Rule 16, which requires the Government to provide the defense with evidence that is "material to preparing the defense, [is] intended to be used by the government in its case-in-chief at trial, or [was] obtained from or belong[s] to the defendant." *United States v. Hernandez*, No. 15 Cr. 379, 2023 WL 8804958, at *2 (S.D.N.Y. Dec. 20, 2023) (citation and quotation marks omitted); *accord* Fed. R. Crim. P. 16(a)(1)(E).

Second, if the materials are discoverable, the Court must then decide if the state-secrets privilege applies. The privilege applies where "(1) there is a reasonable danger that compulsion of the evidence will expose matters which, in the interest of national security, should not be divulged, and (2) the privilege is lodged by the head of the department which has control over the matter, after actual personal consideration by that officer." *Hernandez*, 2023 WL 8804958, at *3 (cleaned up) (citing *Aref*, 533 F.3d at 80).

Third, if the state-secrets privilege applies, the Court must determine if it is superseded by "the criminal defendant's right to present a meaningful defense." *Aref*, 533 F.3d at 79. This occurs when the information "is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." *Id.* (quoting *Roviaro v. United States*, 353 U.S. 53, 60–61 (1957)). To be "helpful or material to the defense, evidence need not rise to the level that would trigger the Government's obligation under [*Brady*] to disclose exculpatory information." *Id.* at 80. "Information that, even though not exculpatory, could still serve either to counter the

2

[G]overnment's case, for example by discrediting a prosecution witness, or to bolster a defendant's arguments, for example by serving as a prior consistent statement corroborating a defense the accused may raise," can be material. *United States v. El-Hanafi*, No. 10 Cr. 162, 2012 WL 603649, at *4 (S.D.N.Y. Feb. 24, 2012). The Court "considers not only the logical relationship between the information and the issues in the case, but also the importance of the information in light of the evidence as a whole." *In re Terrorist Bombings of U.S. Embassies in E. Africa*, 552 F.3d 93, 125 (2d Cir. 2008) (citation omitted). Information that has only "theoretical relevance" or that is "irrelevant, cumulative, or corroborative" need not be disclosed. *United States v. Chi Ping Ho*, No. 17 Cr. 779, 2018 WL 6082514, at *2 (S.D.N.Y. Nov. 21, 2018) (citations omitted); *accord United States v. Abu-Jihaad*, 630 F.3d 102, 142 (2d Cir. 2010); *United States v. Liu*, No. 19 Cr. 804, 2021 WL 3374535, at *3 (S.D.N.Y. Aug. 3, 2021). "Whether evidence is 'helpful' or 'material to the defense' is [] within the district court's discretion." *Aref*, 533 F.3d at 80.

Fourth, if the information is helpful or material to the defense, the Court must then balance the "public interest in protecting the flow of information against the individual's right to prepare his defense." *United States v. Mostafa*, 992 F. Supp. 2d 335, 338 (S.D.N.Y. 2014) (quoting *Roviaro*, 353 U.S. at 62). The evidence "need not necessarily be produced in its original form." *Hernandez*, 2023 WL 8804958, at *3. The Court may authorize the Government to "substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove." 18 U.S.C. app. 3 § 4. In evaluating substitutions, courts consider whether the substitutions provide the defendant "with substantially the same ability to make their defenses as would disclosure of the specific classified information." *Schulte*, 2019 WL 3764662, at *5.

Although *ex parte* hearings are generally disfavored, "[b]oth CIPA section 4 and Rule 16(d)(1) authorize *ex parte* submissions." *Aref*, 533 F.3d at 81 (citing Fed. R. Crim. P. 16(d)(1); 18 U.S.C. app. 3 § 4). As the Second Circuit has explained, where the Government seeks to withhold classified information from a defendant, "an adversary hearing with defense knowledge would defeat the very purpose of the discovery rules." *Id*. Here, "because of the national security interests involved and the highly sensitive nature of the material at issue in this case," the Court concluded that *ex parte* proceedings were appropriate. *El-Hanafi*, 2012 WL 603649, at *2.

## DISCUSSION

The Court has carefully reviewed, *in camera*, the Government's CIPA motion and exhibits, filed on December 16, 2025. *See* ECF No. 27. The Court has also reviewed *in camera* the specific documents that the Government has either sought to delete from discovery or for which the Government has proposed substitutions.

As an initial matter, the Court finds that the declarations submitted by the Government officials properly lodge the state-secrets privilege: They "satisfactorily identify specific facts that (a) render the materials here at issue classified and (b) support the conclusion that disclosure of those materials would pose a risk to national security." *Abu-Jihaad*, 630 F.3d at 141.

Many of the materials identified for deletion in the CIPA motion are not discoverable under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, or under Federal Rule of Criminal Procedure 16. Additionally, the vast majority of potentially discoverable materials are inculpatory and will not, therefore, be relevant and helpful to the defense at trial or sentencing. Therefore, those documents need not be disclosed to the defense, regardless of whether those documents are discoverable. *See United States v. Yunis*, 867 F.2d 617, 623–24 (D.C. Cir. 1989) (noting that a

defendant "is entitled only to information that is at least 'helpful to the defense of [the] accused'" under CIPA (quoting *Roviaro*, 353 U.S. at 60–61)).

By *ex parte* order dated March 12, 2026, the Court identified a narrow subset of materials, three documents, and directed the Government to file a supplemental brief regarding those materials. By *ex parte* order dated April 6, 2026, the Court approved the Government's proposed substitutions and granted the Government's request to delete from discovery the remainder of the classified documents identified in its CIPA motion and supplement. The Court determined that the proposed substitutions would provide Alimehmeti with substantially the same ability to present his defense or arguments at sentencing and that the proposed deletions were not relevant and helpful to the defense because they were inculpatory or cumulative of unclassified discovery. Redacted copies of the Court's March 12 and April 6 orders are appended to this order.

## CONCLUSION

Accordingly, the Court GRANTS the Government's motion for a protective order. The Government is authorized to withhold the classified materials identified with particularity in its CIPA motion. The Government shall produce to defense counsel the proposed substitutions described in the Court's *ex parte* orders. The Government's CIPA submissions are hereby sealed and shall remain preserved in the custody of the Classified Information Security Officer, in accordance with established court security procedures, until further order of this Court.

SO ORDERED.

Dated: April 10, 2026
   New York, New York

_____
ANALISA TORRES
United States District Judge

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES OF AMERICA,

-against-

ERALD ALIMEHMETI,

Defendant.

ANALISA TORRES, District Judge:

Filed with the Classified
Information Security Officer
CISO
Date  3/12/26

25 Cr. 120 (AT)

*EX PARTE* **ORDER**

Filed with the Classified
Information Security Officer
CISO
Date 4/6/26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

       -against-

ERALD ALIMEHMETI,

                      Defendant.

25 Cr. 120 (AT)

***EX PARTE* SEALED
ORDER**

ANALISA TORRES, District Judge: