UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
UNITED STATES OF AMERICA

-against- 25-cr-120 (AT)

ERALD ALIMEHMETI,

Defendant.
----------------------------------------------------x

**ERALD ALIMEHMETI'S MOTION TO DISMISS COUNT TWO OF THE INDICTMENT**

Sabrina P. Shroff
730 Third Avenue, 16th Floor
New York, New York 10017
Tel: 646.763.1290
*Attorney for Erald Alimehmeti*

# TABLE OF CONTENTS


TABLE OF AUTHORITIES .................... ii

PRELIMINARY STATEMENT .................... 1

RELEVANT BACKGROUND .................... 1

A. Count Two of the Indictment .................... 1

B. 18 U.S.C. § 16 .................... 2

C. 18 U.S.C. § 2332a .................... 2

ARGUMENT .................... 3

A. Conspiracy is not a "crime of violence" .................... 4

B. Section 2332a is not a "crime of violence" given that it can be committed by threatening, attempting, or using force against one's own property rather than the property of another .................... 4

C. Section 2332a is not a "crime of violence" because it can be committed by threatening, attempting, or using force against oneself rather than the property of another .................... 7

CONCLUSION .................... 11

# TABLE OF AUTHORITIES

Cases Page(s)

*Hylton v. Sessions*, 897 F.3d 57 (2d Cir. 2018) .......... 4
*In re Franklin*, 950 F.3d 909 (6th Cir. 2020) .......... 5
*Jordison v. Keisler*, 501 F.3d 1134 (9th Cir. 2007) .......... 6
*Portee v. United States*, 941 F.3d 263 (7th Cir. 2019) .......... 9
*Sessions v. Dimaya*, 584 U.S. 148 (2018) .......... 2
*Torres v. Lynch*, 578 U.S. 453 (2016) .......... 5
*United States v. Abu Mezer*, 2023 WL 451036 (E.D.N.Y. Jan. 9, 2023) .......... Passim
*United States v. Barrett*, 937 F.3d 126 (2d Cir. 2019) .......... 4
*United States v. Davis*, 53 F.4th 168 (4th Cir. 2022) .......... 6
*United States v. Davis*, 588 U.S. 445 (2019) .......... 2
*United States v. Elkins*, 161 F.4th 899 (5th Cir. 2025) .......... 11
*United States v. Green*, 67 F.4th 657 (4th Cir. 2023) .......... 11
*United States v. Hill*, 890 F.3d 51 (2d Cir. 2018) .......... 4, 8, 10
*United States v. Juvenile B*, 147 F.4th 837 (8th Cir. 2025) .......... 2, 8
*United States v. Keast*, 152 F.4th 1039 (9th Cir. 2025) .......... 7, 9, 10
*United States v. Laurent*, 33 F.4th 63 (2d Cir. 2022) .......... 4
*United States v. Mangione*, 818 F. Supp.3d 509 (S.D.N.Y. 2026) .......... 9, 10, 11
*United States v. Matthews*, 37 F.4th 622 (9th Cir. 2022) .......... 5
*United States v. Salas*, 889 F.3d 681 (10th Cir. 2018) .......... 5, 6, 8, 10
*United States v. Taylor*, 596 U.S. 845 (2022) .......... 3, 4, 10, 11
*United States v. Taylor*, 979 F.3d 203 (4th Cir. 2020) .......... 4
*United States v. Wilder*, 834 Fed. Appx. 782 (4th Cir. 2020) .......... 5

Statutes

18 U.S.C. §2332a(a) .......... 4
18 U.S.C. § 16(a) .......... Passim
18 U.S.C. § 16(b) .......... 2
18 U.S.C. § 842(p) .......... 1
18 U.S.C. § 844(f) .......... 6
18 U.S.C. § 844(i) .......... 5, 6
18 U.S.C. § 921(a)(4) .......... 5
18 U.S.C. § 924(c)(3)(B) .......... 2
18 U.S.C. § 2332a(c)(2) .......... 5
Section 2332a(b) .......... 5, 7, 10
§2332a(b) (same) .......... 4, 5
§ 2332a(a)(2) .......... 9

## PRELIMINARY STATEMENT

Count Two of the Indictment charges Mr. Alimehmeti with violating 18 U.S.C. § 842(p). By its terms, § 842(p) applies only to conduct undertaken to further "an activity that constitutes a federal crime of violence." The crime of violence alleged in Count Two is "use of a weapon of mass destruction, in violation of Title 18, United States Code, Section 2332a." Indictment [ECF No. 15] ¶ 2. However, 18 U.S.C. § 2332a has already been held not to qualify as a "crime of violence" for three independent reasons:

- First, the offense can be committed by **conspiracy** to use a weapon of mass destruction, which does not require the use, attempted use, or threatened use of force necessary under the applicable "crime of violence" definition.

- Second, the offense can be committed by threatening, attempting, or using force against one's **own property** rather than against the property of another.

- Third, the offense can be committed by threatening, attempting, or using force against **oneself** rather than against the person of another.

For each of these reasons, the district court in *United States v. Abu Mezer*, 2023 WL 451036, at *1–4 (E.D.N.Y. Jan. 9, 2023) held that § 2332a categorically fails to qualify as a "crime of violence." This Court should hold the same and dismiss Count Two.

## RELEVANT BACKGROUND

This motion to dismiss involves Count Two of the Indictment and the plain language of 18 U.S.C. § 16 and 18 U.S.C. § 2332a.

### A. Count Two of the Indictment

Count Two of the Indictment charges, in its entirety, that:

> In or about 2019 and 2020, in Albania, the Southern District of New York, and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular State or district of the United States, ERALD ALIMEHMETI, the defendant, who was first brought to and arrested in the Southern District of New York, taught and demonstrated the making and use of an explosive, a destructive

device, and a weapon of mass destruction, and distributed by any means information pertaining to, in whole or in part, the manufacture and use of an explosive, destructive device, and weapon of mass destruction, and aided and abetted the same, with the intent that the teaching, demonstration, and information be used for, and in furtherance of, activities that constitute *Federal crimes of violence*, to wit, ALIMEHMETI distributed bomb-making and explosives instructions over the internet with the intent that *the information be used for, and in furtherance of, the use of a weapon of mass destruction, in violation of Title 18, United States Code, Section 2332a.*

Indictment [ECF No. 15] ¶ 2 (emphases added)

**B. <u>18 U.S.C. § 16</u>**

18 U.S.C. § 16 (Crime of violence defined) states:

The term "crime of violence" means —

**(a)** an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

**(b)** any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.[1]

**C. <u>18 U.S.C. § 2332a</u>**

18 U.S.C. 2332a (Use of weapons of mass destruction) states:

**(a) Offense Against a National of the United States or Within the United States.** — A person who, without lawful authority, uses, threatens, or attempts or conspires to use, a weapon of mass destruction —

**(1)** against a national of the United States while such national is outside of the United States;

**(2)** against any person or property within the United States, and

**(A)** the mail or any facility of interstate or foreign commerce is used in

[1] In *Sessions v. Dimaya*, 584 U.S. 148 (2018), the United States Supreme Court found 18 U.S.C. § 16(b) – often termed the "residual clause" – to be unconstitutionally vague and therefore void. *Id.* at 174; *accord United States v. Davis*, 588 U.S. 445, 452-53 (2019) (discussing *Dimaya* in holding 18 U.S.C. § 924(c)(3)(B) unconstitutionally vague). Thus, only 18 U.S.C. § 16(a) – often termed the "elements clause" or the "force clause" – remains relevant in defining a crime of violence. *United States v. Juvenile B*, 147 F.4th 837, 843 n.7 (8th Cir. 2025) ("Because the residual clause of [§ 16(b)] is no longer valid a statute must meet the definition of the force clause to qualify as a crime of violence.").

furtherance of the offense;

**(B)** such property is used in interstate or foreign commerce or in an activity that affects interstate or foreign commerce;

**(C)** any perpetrator travels in or causes another to travel in interstate or foreign commerce in furtherance of the offense; or

**(D)** the offense, or the results of the offense, affect interstate or foreign commerce, or, in the case of a threat, attempt, or conspiracy, would have affected interstate or foreign commerce;

**(3)** against any property that is owned, leased or used by the United States or by any department or agency of the United States, whether the property is within or outside of the United States; or

**(4)** against any property within the United States that is owned, leased, or used by a foreign government,

shall be imprisoned for any term of years or for life, and if death results, shall be punished by death or imprisoned for any term of years or for life.

**(b) Offense by National of the United States Outside of the United States. —**

Any national of the United States who, without lawful authority, uses, or threatens, attempts, or conspires to use, a weapon of mass destruction outside of the United States shall be imprisoned for any term of years or for life, and if death results, shall be punished by death, or by imprisonment for any term of years or for life.

## ARGUMENT

It is settled that, in determining whether a federal felony is a "crime of violence" which may properly serve as a predicate for a conviction and sentence, this Court must apply the "categorical approach." *United States v. Taylor*, 596 U.S. 845, 850 (2022). As the Supreme Court clarified in *Taylor*, such an approach is required because a crime of violence "poses the question whether the federal felony at issue 'has *as an element* the use, attempted use, or threatened use of physical force.'" *Id.* (emphasis in original). Answering that question

> does not require – in fact, it precludes – an inquiry into how any particular defendant may commit the crime. The only relevant question is whether the federal felony at issue always requires the government to prove – beyond a reasonable doubt, as an element of its case – the use, attempted use, or threatened use of force. This Court has long understood similarly worded statutes to demand similarly categorical

inquiries.

*Id.* (citing cases). In other words, "the categorical approach requires [the Court] to consider the minimum conduct necessary for a conviction of the predicate offense ..., and then to consider whether such conduct amounts to a crime of violence." *United States v. Hill*, 890 F.3d 51, 56 (2d Cir. 2018); *Hylton v. Sessions*, 897 F.3d 57, 60 (2d Cir. 2018) (same); *United States v. Taylor*, 979 F.3d 203, 207 (4th Cir. 2020) (same), *aff'd*, 596 U.S. 845 (2022).

Applying the categorical approach here, § 2332a can be violated in three different ways that fail to satisfy the "crime of violence" definition under § 16(a). Therefore, the offense does not qualify as a "crime of violence" and Count Two must be dismissed.

**A. Conspiracy is not a "crime of violence"**

A statute that "on its face extends to conduct beyond the definition" in the force clause of § 16(a) cannot be a crime of violence. *Hylton*, 897 F.3d at 63. This is the case here.

Section 2332a includes within its reach one who "conspires to use[] a weapon of mass destruction." 18 U.S.C. §2332a(a); *see also* §2332a(b) (same). However, as the government has already conceded, and as the court held in *Abu Mezer,* "conspiring to use a weapon of mass destruction does not constitute a crime of violence." 2023 WL 451036, at *2 (citing *United States v. Barrett*, 937 F.3d 126, 129 (2d Cir. 2019)). This is because "the crime of conspiracy, which consists essentially of reaching an agreement with illegal objectives, can be accomplished without use of force." *United States v. Laurent*, 33 F.4th 63, 93 (2d Cir. 2022).

**B. Section 2332a is not a "crime of violence" given that it can be committed by threatening, attempting, or using force against one's own property rather than the property of another**

Section 2332a(a) also extends, on its face, to conduct beyond the § 16(a) force clause because, unlike § 16(a), it does not require any force, threat of force, or attempted use of force against the property *of another.* Rather, § 2332a(a) makes it unlawful for a person to use, threaten

to use, attempt to use, or conspire to use a weapon of mass destruction "against a *national* of the United States" (*id.* § 2332a(a)(1)) (emphasis added), "against *any person or property* within the United States (*id.* § 2332a(a)(2)) (emphasis added), "against *any property* that is owned, leased or *used* by the United States" (*id.* § 2332a(a)(3)) (emphasis added), "against *any property* within the United States … owned, leased, or *used* by a foreign government ((*id.* § 2332a(a)(4)) (emphasis added). Section 2332a(b) makes it unlawful for "*any national* of the United States" to use, threaten to use, attempt to use, or conspire to use a weapon of mass destruction[2] outside of the United States.

None of these § 2332a provisions requires "the use, attempted use, or threatened use of physical force against the person or property *of another*." 18 U.S.C. § 16(a) (emphasis added). Each of the provisions referenced above criminalizes using, threatening, or attempting the use of force against one's own property. In the absence of § 16(a)'s express "of another" limitation, § 2332a is not a "crime of violence".

*First,* the broad "any property" language in the provisions noted plainly encompasses the perpetrator's own property. Indeed, the federal courts have held exactly this, finding that the identical "any property" language in the federal arson statute (18 U.S.C. § 844(i)) encompasses force against one's own property, and therefore, fails to qualify as a "crime of violence." *See United States v. Matthews,* 37 F.4th 622, 626 (9th Cir. 2022); *In re Franklin,* 950 F.3d 909, 911 (6th Cir. 2020); *United States v. Salas*, 889 F.3d 681, 684 (10th Cir. 2018); *United States v. Wilder*, 834 Fed. Appx. 782, 784 (4th Cir. 2020); *accord Torres v. Lynch*, 578 U.S. 453, 466 (2016) (observing that the federal crime of violence definition does "not reach arson in the many States defining that

---

[2] "Weapon of mass destruction" is broadly defined to include "any explosive, incendiary, or poison gas ... bomb[,] grenade[,] rocket[,] missile[,] mine," or similar device. 18 U.S.C. § 2332a(c)(2) (incorporating by reference 18 U.S.C. § 921(a)(4)).

crime to include the destruction of one's own property").

Consistent with these decisions, in *Abu Mezer*, Judge Block held the same with respect to §2332a:

> Presumably because the crime is not often charged as a predicate offense, no court has addressed whether threatening to use a weapon of mass destruction is a crime of violence. Defendant therefore proposes an analogy to the federal arson statute, which punishes anyone who "maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property used in interstate or foreign commerce." 18 U.S.C. § 844(i). Like § 2332a, the statute does not require that the properly [sic] belonging "to another," while a crime of violence must involve the use of force against "the person or property of another." Noting this distinction, one circuit court has remarked that a person who destroys their own property by fire would be guilty of arson, but not a crime of violence under the force clause. *See United States v. Salas*, 889 F.3d 681, 684 (10th Cir. 2018). Another has held that such a person would not be guilty of a deportable "aggravated felony," the definition of which includes a "crime of violence" provision identical to the force clause. *See Jordison v. Keisler*, 501 F.3d 1134, 1135 (9th Cir. 2007).

2023 WL 451036 at *2; *see also id.* at *3 ("In sum, a crime of violence requires that use of force against the person or property *of another*. Section 2332a lacks such an element.") (emphasis in original). Lacking this required element, the "any property" language in § 2332a disqualifies the offense from being a "crime of violence."

*Second,* the text of subsections 2332a(a)(3)) and 2332a(a)(4) – which criminalizes the use of weapons of mass destruction "against any property that is owned, leased or *used* by the United States" or "against any property within the United States … owned, leased, or *used* by a foreign government" (emphases added) – further disqualifies the statute as a "crime of violence." As the Fourth Circuit explained in *United States v. Davis*, 53 F.4th 168, 172-73 (4th Cir. 2022), the property that a government *uses* could be the property owned by the defendant himself. Specifically, the Court found that the federal arson statute under 18 U.S.C. § 844(f), which included the use of explosives against a property "used by" the federal government, failed to qualify as a "crime of violence" under the force clause because it could be committed by force against one's own property that is merely being "used by" the federal government. *Id*. For this same reason too, § 2332a does not qualify as a "crime of violence."

*Third*, the language of subsection 2332a(b) broadly criminalizes the use of a weapon of mass destruction by any "national" without requiring the use of the weapon against any property – let alone the property of another. Therefore, this offense can be committed by merely unlawfully using an explosive in an open field that damages no one's property. The Ninth Circuit's decision in *United States v. Keast,* 152 F.4th 1039, 1043 (9th Cir. 2025), is instructive. In that case, the Ninth Circuit found an Oregon firearm statute with no language requiring the use of a weapon against any person or property failed to qualify as a "crime of violence" because it could be committed by, for example, merely by shooting a gun into dirt that damages no person or property. *Id.* at 1044. Likewise, § 2332a(b) can be committed without the use of force against any person or property – let alone the property of another. Thus, this subsection disqualifies the offense from being a "crime of violence" s.

In short, there are many ways in which § 2332a can be committed without using, attempting, or threatening force against the property of another. Under the categorical approach, any one of these reasons suffices to require the Court to find that the offense does not qualify as a "crime of violence."

**C. Section 2332a is not a "crime of violence" because it can be committed by threatening, attempting, or using force against oneself rather than the property of another**

Additionally, § 2332a fails to qualify as a "crime of violence" because it can be committed by threatening, attempting, or using force against oneself rather than the person of another. Again, there is no language in the statute requiring the use of a weapon against the person of another. Rather, the "any person" language broadly encompasses threats or attempts of self-harm – for example an attempt or threat to commit a suicide bombing) or other act of self-immolation. *See, e,.g.,* https://www.bbc.com/news/world-us-canada-68405119 (article regarding political self-immolation of Aaron Bushnell outside Israeli embassy to protest Gaza war). Indeed, in *Abu Mezer;* the court found exactly that, concluding that, for this reason too, the offense

fails to qualify as a "crime of violence":

> [C]ontrary to the government's suggestion, use of a bomb to injure oneself is by no means impossible in a world that includes suicide bombers. In any event, the categorical approach forbids consideration of the particular facts of Abu Mezer's crime. *See Hill*, 890 F.3d at 55 ("[C]ourts look only to the statutory definitions—*i.e.*, the elements—of the offense, and *not* to the particular underlying facts." (internal quotation marks and alterations omitted)); *cf. Salas*, 889 F.3d at 683 (disregarding fact that defendant was convicted of firebombing another person's place of business).
>
> Next, the government argues that harm to other people or property is inherent in the concept of a "weapon of mass destruction." It is true that § 2332a uses that expression, which in common parlance certainly evokes widespread death, injury and property destruction. But the statute contains no such limitation. On the contrary, its definition embraces grenades and mines, both of which could easily be used to harm a single person, including only the perpetrator of the crime.

2023 WL 451036, at * 2-3.

The Eighth Circuit's decision in *United States v. Juvenile B,* 147 F.4th 837 (8th Cir. 2025), is equally instructive. In that case, the Court found that an aggravated sexual abuse statute which criminalized the threat of force against "any person" could be violated by a threat of self-harm (for example, when the defendant threatens suicide if the victim does not have sex with him):

> Juvenile B argues that § 2241(a)(2) punishes conduct that does not qualify as a crime of violence. He contends that, whereas § 16(a) "requires that the offense have 'as an element the use, attempted use, or threatened use of physical force against the person or property *of another*,'" the language "any person" in § 2241(a)(2) means it "can be violated by the threatened use of physical force against the defendant's own person." We agree. In *United States v. Rojas*, we considered the difference between "other person" in § 2241(a)(1) and "any person" in § 2241(a)(2) and observed that the phrase "'[a]ny person' is not inherently exclusive of the offender." 520 F.3d 876, 882 (8th Cir. 2008). Therefore, because the phrase "any person" could include the defendant himself, the threat of suicide would satisfy § 2241(a)(2). *Id.* at 882–83. But such a threat would not qualify as a crime of violence under § 16(a).

147 F.4th at 841*; see also Portee v. United States,* 941 F.3d 263, 271-273 (7th Cir. 2019) (where a felony intimidation statute could involve force against any human being, not just against the person of another, and thus could include acts of self-harm or force or danger against the defendant himself, the statute was overbroad and not be categorized as a violent felony). Here too, the broad "any person" language in §2332a readily encompasses threats of self-harm. Thus, the offense fails to qualify as a "crime of violence."

Further, subsection 2332a(a)(1), which criminalizes threatening the use of a weapon "against a *national* of the United States," also has no language limiting the threat to the person of another. The "national" could be the defendant himself. *See United States v. Mangione,* 818 F. Supp.3d 509, 536-37 (S.D.N.Y. 2026) (finding that federal stalking statute – which criminalized putting victim in fear of injury to his "spouse" or "intimate partner" or "family member" – encompassed threats of self-harm because the defendant himself could be the "spouse," "family member" or "intimate partner"). This is yet another reason why § 2332a fails to qualify as a "crime of violence."

Further still, the statute can be violated by using a weapon "against *any* person … within the United States." § 2332a(a)(2) (emphasis added). And "any" means "any." Thus, § 2332a can be violated by using a weapon against one's "own person." *Abu Mezer*, 2023 WL 451036, at *3. Yet such conduct "cannot satisfy the requirement for use of force 'against the person … of another.'" *Mangione*, 818 F. Supp. 3d at 536 (emphasis in original).

Likewise, the language of subsection 2332a(b) broadly criminalizes the use of a weapon of mass destruction by any "national" without requiring the use of the weapon against any person—let alone the person of another. Therefore, this offense can be committed by merely unlawfully using an explosive in an open field that harms no person. Again, the Ninth Circuit's decision in

*Keast, supra*, is instructive. In that case, the Ninth Circuit found that an Oregon firearm statute that had no language requiring the use of a weapon against any person or property failed to qualify as a "crime of violence" because it could be committed by shooting a gun into dirt without resulting damage to any person or property. 152 F.4th at 1044. Here too, § 2332a(b) can be committed without the use of force against any person or property – let alone the person of another. Thus, this subsection is another independent reason why the offense is not a "crime of violence".

***

For all the reasons noted above, there is a categorical mismatch between the face of § 2332a and the force clause under § 16(a). Given this, the Court's inquiry must end there: § 2332a fails to qualify as a "crime of violence."

"The categorical approach forbids consideration of the particular facts of [Mr. Alimehmeti's] crime." *Abu Mezer*, 2023 WL 451036 at *2; *Hill*, 890 F.3d at 55 (under categorical approach, "courts look only to the statutory definitions – *i.e.*, the elements – of the offense, and not to the particular underlying facts"). Thus, Mr. Alimehmeti is "not required to show that any particular prosecution under § 2332a" including the instant prosecution, "involved threatening to use a weapon of mass of mass destruction against the defendant's own person or property." *Abu Mezer*, 2023 WL 451036 at *3 (disregarding fact that defendant was convicted for threatening to use a pipe bomb against "as many Jews as possible"); *Salas*, 889 F.3d at 683 (disregarding fact that defendant was convicted of firebombing another person's place of business).

This is all the more so after the Supreme Court's decision in *Taylor*, 596 U.S. at 858-59 which clarified that the realistic probability test does not apply at all to federal offenses – meaning a defendant is not burdened with pointing to any case where a defendant was actually prosecuted under the relevant federal statute for conduct falling outside the "crime of violence" definition.

*See also Mangione*, 818 F. Supp.3d at 533 ("The Government concedes, as it must after *Taylor*, that this inquiry cannot be one of reasonable probability or plausibility or empirical likelihood of prosecution. Rather, a hypothetical scenario – in which the crime can be factually committed without the use, attempted use, or threatened use of force at some level above recklessness – need only be 'possible' (that is, consistent with the laws of physics and the nature of human interaction."); *id.*, Oral Arg. Tr. at 74:21–75:07; *United States v. Elkins*, 161 F.4th 899, 907 (5th Cir. 2025) (noting that the "'realistic probability' test has no place in [section 924(c)] analysis"); *United States v. Green*, 67 F.4th 657, 669 (4th Cir. 2023) ("In *Taylor*, the Supreme Court clarified that the realistic probability test is an inappropriate way to determine whether a predicate offense satisfies § 924(c)'s elements clause.")).

In sum, § 2332a criminalizes: (i) conspiracy; (ii) harm to one's own property; and (iii) harm to oneself. Yet none of those violations of the statute requires any "use, attempted use, or threatened use of physical force against the person or property of another." § 16(a). Thus, § 2332a is not a "Federal crime of violence" as required for conviction under § 842(p).

## CONCLUSION

Because § 2332a is not a "crime of violence" as required for conviction under § 842(p), Count Two should be dismissed.

Dated: September 16, 2026

*/s/ Sabrina P. Shroff*
730 Third Avenue, 16th Floor
New York, New York 10017
(646) 763-1490
*Attorney for Mr. Erald Alimehmeti*