**SABRINA P. SHROFF**
ATTORNEY AT LAW

730 THIRD AVENUE, 16TH FLOOR
NEW YORK, NEW YORK 10007
TELEPHONE: (646) 763-1490

November 9, 2026

**BY ECF**

The Honorable Analisa Torres
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

Re: *United States v. Alimehmeti*, 25 Cr. 120 (AT)

Dear Judge Torres:

We write in response to the government's November 7, 2026 letter that, among other things, advised the Court that it intends to proceed to trial on count one in the first indictment and both counts in the new indictment. ECF 77. We respectfully ask the Court to require the government to elect, before trial, whether it will proceed on the original Indictment (ECF 15) or on the Superseding Indictment (ECF 74) and to bar the government from trying Mr. Alimehmeti on both instruments. In the alternative, we ask that, for the reasons set forth in our prior motion (ECF 76), this Court sever trials for the charges in the original Indictment and in the Superseding Indictment.

**Background.** The original Indictment charged two counts. Count One charged attempted provision of material support to a designated foreign terrorist organization (ISIS) from about June 2019 through about November 2024, in violation of 18 U.S.C. § 2339B. Count Two charged distribution of explosives information, in violation of 18 U.S.C. § 842(p). On Mr. Alimehmeti's motion, the Court dismissed Count Two. The government then obtained the S1 Superseding Indictment. That does not re-charge the § 2339B count. Instead, it charges (1) provision and attempted provision of material support for acts of terrorism, in violation of 18 U.S.C. § 2339A (Count One), and (2) development, production, and use of chemical weapons, in violation of 18 U.S.C. § 229 (Count Two). Both new counts cover the same period, June 2019 through November 2024, and both rest on the same alleged conduct: online dissemination of weapons-related instructions and materials. Based on its November 7, 2026 letter, it appears the government now intends to try the surviving § 2339B count from the original Indictment together with the two new counts in the superseder.

**A superseding indictment supplants its predecessor.** The Second Circuit describes a superseding indictment as one that "supplants a pending timely-filed indictment." *United States v. Ben Zvi*, 242 F.3d 89 (2d Cir. 2001). While "two indictments may be outstanding at the same time for the same offense if jeopardy has not attached to the first indictment," *United States v. Grady*, 544 F.2d 598, 602 n.4 (2d Cir. 1976), that tenet is there to allow an earlier indictment to remain pending as a placeholder, for example to preserve its limitations-tolling effect. *Ben Zvi*, 242 F.3d 89. The historical "prevailing practice in this judicial district" is to keep a prior indictment as a backstop, not as a second set of trial charges. *United States v. Pastor*, 419 F. Supp. 1318, 1325 (S.D.N.Y. 1975). In this case, the government chose to leave the § 2339B count out of the

superseder when it took its new theory to the grand jury. Having done so, it should not be allowed to try both what it superseded and what was supplanted.

**The Federal Rules of Criminal Procedure contemplate a single charging instrument.** Rule 8(a) provides: "*The* indictment or information may charge a defendant in separate counts with 2 or more offenses" that are of the same or similar character or based on the same act or transaction (emphasis added). If the government had wanted the § 2339B, § 2339A, and § 229 charges tried together, the proper course was to present all three in one superseding indictment to the grand jury. It did not do that. This Court should not let the government build a combined trial indictment out of two instruments that no single grand jury returned.

**Prosecuting on both instruments prejudices Mr. Alimehmeti.** Superseding indictments are permitted "so long as the filing of the subsequent indictment does not prejudice or harass a defendant." *United States v. Gigante*, 982 F. Supp. 140, 155 (E.D.N.Y. 1997) (citing *Grady*, 544 F.2d at 602 n.4). Proceeding to trial on both instruments would harm Mr. Alimehmeti in three ways:

1. It would present the jury with overlapping terrorism-support theories under §§ 2339B and 2339A, based on the same six years of conduct, which wrongly invites a compromise verdict.
2. It would create a risk of cumulative punishment. *United States v. Josephberg*, 459 F.3d 350, 355 (2d Cir. 2006) (simultaneous prosecutions for the same offense are tolerated only "so long as no more than one punishment is eventually imposed").
3. It would leave unclear which instrument controls the charges, the jury instructions, the verdict form, and forfeiture.

The government also should not be able to keep the original Indictment in reserve, so it can try Mr. Alimehmeti again if it is dissatisfied with the result on the superseder. *See Pastor*, 419 F. Supp. at 1325 (defendant may raise double jeopardy if the government "should attempt to try him on the first indictment after he had already been tried on the second").

We therefore respectfully ask that the Court order that: (1) the government elect, by a date the Court sets and well in advance of trial, the single indictment on which it will proceed to trial; (2) the trial proceed only on that indictment; (3) upon any verdict or plea, the non-elected indictment be dismissed, consistent with the practice described in *Pastor*; and (4) such other and further relief to Mr. Alimehmeti as the Court deems just.

We thank the Court in advance for its consideration of this response and requested relief.

Respectfully submitted,

/s/ Sabrina P. Shroff
/s/ Megan W. Benett

cc: All counsel of record by ECF