**SABRINA P. SHROFF**
ATTORNEY AT LAW

730 THIRD AVENUE, 16TH FLOOR
NEW YORK, NEW YORK 10007
TELEPHONE: (646) 763-1490

November 9, 2026

**BY ECF**

Hon. Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re: *United States v. Alimehmeti*, 25 Cr. 120 (AT)**

Dear Judge Torres:

We write in response to the government's proposal regarding expert notices as set forth in its November 7, 2026 letter. *See* ECF 77 at 3. In that letter, the government sought permission to provide supplemental expert notices on or before November 13, 2026. *Id.* Upon receipt of that letter, we wrote to the Court noting that we were unable to respond before today, November 9, 2026, as we needed to consult with Mr. Alimehmeti. *See* November 7, 2026 Email from Megan W. Benett to the Court.

Mr. Alimehmeti objects to the extent the government seeks to designate any new/additional experts (the defense has made no such request). The unfair prejudice of the government's noticing new/additional experts is especially the case here, where the United States Attorney's Office had two full years but chose to wait until a month before the December 7 2026 trial date to add two new counts on which they seek to force Mr. Alimehmeti to proceed to trial. There is a material difference between augmenting the scope of the testimony of an already noticed expert and noticing a brand-new expert on a new topic. To the extent the government seeks to do so, we object. Nothing could cure the prejudice that would flow to Mr. Alimehmeti.

As to deadlines, we ask that any expansion of any defense expert notices follow a week after the proposed November 13, 20026 deadline that is set for the government to augment (not add) it expert notices. Such a schedule is the only fair and appropriate one, as the government bears the burden of proof on the elements of the offenses, and the defense should not be put in the position of having to affirmatively retain and notice experts whose services may or may not be needed, depending on the government's added expert disclosures. Setting a date for disclosure of defense experts a week after the government's full disclosure is consistent with the respective burdens of the parties at trial and general practices in this district. We therefore respectfully ask that the Court set November 20, 2026 as the deadline for the defense to serve expert notices on the government.

Finally, we note here (as we did before) that, on November 5, 2026, the government provided new discovery to the defense relating to Count Two of the superseding indictment. The discovery consists, we think, of videos opining on how to make bombs and weapons of destruction. Neither defense counsel has a degree in chemistry or bomb making. Unless we retain an expert, we are unable to work with the discovery to determine a defense or motion practice.
Nor has Mr. Alimehmeti has the opportunity to review that discovery. As the government has marked it "sensitive" we are unable to simply mail him a copy. Accordingly, the only proper way

to proceed is for the Court to grant the severance sought and allow Mr. Alimehmeti to proceed to trial on the only Count of the first indictment. D

Re: *United States v. Alimehmeti*, 24 Cr. 120 (AT)

We thank the Court for its time and attention to this matter.

Respectfully submitted,

/s/ Sabrina P. Shroff
/s/ Megan W. Benett

cc: All counsel of record by ECF