**SABRINA P. SHROFF**
ATTORNEY AT LAW

730 THIRD AVENUE, 16TH FLOOR
NEW YORK, NEW YORK 10007
TELEPHONE: (646) 763-1490

November 9, 2026

**BY ECF**

Hon. Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re: *United States v. Alimehmeti*, 25 Cr. 120 (AT)**

Judge Torres:

At defense counsel's insistence and with much recalcitrance from the USAO, Mr. Alimehmeti was brought to magistrate court on Monday November 9, 2026, to be arraigned on what the government has incorrectly termed a superseding indictment. Scheduling the arraignment in magistrate court had proven difficult with the government pushing to schedule what we thought was a simple arraignment on an indictment to Tuesday, and it is now clear why – they were trying to juggle the schedules of three FBI agents -- Mark Fenichel, Michael Kane and Joseph Lander -- who planned to speak to Mr. Alimehmeti without Miranda warnings or any caution and despite him being represented by counsel. Each of these agents was present for the failed plea proceeding before this Court on October 30, 2026 and knew that Erald Alimehmeti was represented by counsel.

On November 9, 2026, with no notice to either of his defense lawyers, the government had its agents pull Mr. Alimehmeti from the USMS's communal pens on the fourth floor of 500 Pearl Street to a room down the hall, past an elevator bank. He was cuffed. Handcuffed, he was handed over to three agents from the FBI -- Mark Fenichel, Michael Kane and Joseph Lander (who was a case agent in his brother Sajmir Alimehmeti's prosecution).[1] He was made to sit in that room with three law enforcement agents. Mr. Alimehmeti was not given a choice and did not think to refuse as he was expecting to meet with his lawyers in the cell block.

One of the three agents – **Fenichel, Kane or Lander** -- asked Mr. Alimehmeti if he was "okay", but never told him he was entitled to have his attorneys present, or that he should not make any spontaneous statements. Apparently, they read him the superseding indictment.

The government did not tell defense counsel that they had arranged this rendezvous between a represented party and law enforcement. When confronted by defense counsel, the prosecutors took the position that they had done nothing wrong and would do it again.

---

[11] Mr. Alimehmeti disagrees that he is not a reliable narrator.

When asked by the Court why they did this, they said that they needed to arrest Mr. Alimehmeti in the SDNY to establish jurisdiction on the new counts. But, that explanation from the prosecutors makes no legal sense. First, Mr. Alimehmeti had already been arrested on the first indictment and a superseding indictment does not require a new arrest for jurisdictional purposes. Second, if their only purpose was to establish jurisdiction via an arrest, they could have done so when he was brought to the pens on the 5th floor in magistrate's court. The arrest warrant was offered only to defense counsel in magistrate court, after the debacle was complete. By then, the issue was moot; the arrest warrant was of no consequence to us. Third, they did not actually arrest Mr. Alimehmeti nor did they give him a copy of the arrest warrant. Instead, they sat down with him and read him the "superseding" indictment. This step – meeting with Mr. Alimehmeti with no lawyer present, and reading him the indictment – is a step ever taken to establish jurisdiction. Many are arrested at the JFK airport and not one is ever read the indictment in customs.

The government told Magistrate Stein that they had done a similar thing in two other cases in the last two years – hardly the custom in SDNY – but refused to provide to defense counsel or the court the precedent with any precision. A copy of the transcript of the proceeding before Judge Gary Stein is attached. Because Judge Stein opined that the matter was referred to him solely for arraignment on the indictment, we respectfully request that this Court order the government to tell the Court and the defense in which two other cases the government has undertaken conduct that encourages a defendant to make a spontaneous statement to law enforcement. We polled every ex-AUSA on the CJA list serve and those who responded indicated that the initial arrest in the Southern District of New York was sufficient for jurisdiction on a true superseding indictment.

Mr. Alimehmeti is represented by counsel since his arrest. If the government continues to proceed in this manner with this or any other represented defendant, it would be doing so over the objection of counsel. So that no other defendant is put in this position – where a represented defendant is spoken to by law enforcement, is not given *Miranda* warnings and is left vulnerable to making a spontaneous statement which could be used against him, we ask the United States Marshal Service be told to not make our clients available to law enforcement without either (i) an Order from the Court; or (ii) after notice and consent from defense counsel is given to them in writing.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

/s/ Sabrina P. Shroff

/s/ Megan W. Benett

cc: All counsel of record by ECF
Edward Friedland, District Executive for the Southern District of New York