USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______________
DATE FILED: 11/16/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-against-

ERALD ALIMEHMETI,

Defendant.

25 Cr. 120 (AT)

**ORDER**

ANALISA TORRES, District Judge:

The parties last appeared before this Court on October 29, 2026. *See* ECF 10/29/2026 Minute Entry. Since then, they have engaged in unproductive bickering memorialized in excessive requests for extensions and emails to the Court. This order addresses certain outstanding motions[1] and the Court's expectations regarding case management and professionalism.

I. Procedural History since October 29, 2026

On November 5, 2026, nearly two years after initiating this prosecution, *see* ECF No. 1, and approximately one month before trial, *see* ECF No. 53, the Government filed a superseding indictment. *See* ECF No. 74. At Defendant's request and in light of the superseding indictment, the Court extended the deadlines to file motions *in limine* to November 10, with opposition papers and replies due November 18 and November 23, respectively. *See* ECF No. 75. As discussed below, neither party timely filed all their motions *in limine*.

On November 6, 2026, Defendant moved to sever Count Two of the superseding indictment. *See* Severance Mot., ECF No. 76.

By email on the same date, the Government informed the Court that it had "supplemented" its expert notices after the deadline set by the Court and "anticipate[d] providing

[1] The motions *in limine* will be addressed separately.

very soon additional notice for experts relevant to the new charges in the superseding indictment." The Government provided no explanation for its delay nor a formal request for an extension, even though the Court had previously ordered that, "[i]n the interest of ensuring that trial proceeds on schedule," the expert notice deadline would not be extended past October 30, 2026. ECF No. 66. Defense counsel responded by email, stating "[i]t is the defensive position that the government is out of time. The court of the government did not comply with it the government should be precluded [*sic*]." Defense counsel did not acknowledge in their email that, according to the Government, Defendant had also failed to comply with the expert notice deadline. *See* ECF No. 77 at 3. The Court advised the parties via email that it had not extended the expert notice deadline and would only do so upon a motion filed on the docket.

On November 7, 2026, the Government filed a letter motion requesting an extension of time to exchange expert notices, seeking leave to respond to Defendant's motion to sever, and clarifying the charges upon which the Government intended to proceed at trial. *See* ECF No. 77. By email on the same date, Defendant asked the Court to "defer ruling on the government's request" until defense counsel has time for "further research" and "consult[ation] with [their] client," despite the fact that the Government's requests concerned scheduling matters. On November 8, 2026, the Court: (1) extended the expert notice deadline to November 13, 2026; (2) directed the Government to respond to Defendant's motion to sever by November 12, 2026; and (3) advised Defendant that he remained entitled to respond to the Government's substantive clarification of the trial charges by November 9, 2026. *See* ECF No. 78.

On November 9, 2026, Defendant filed three motions, *see* ECF Nos. 81–83, each discussed *infra*. One of these motions was initially sent by email to the Court and sought relief already granted by the Court, *see* ECF No. 72, without justifying the renewal of the motion.

Another addressed the expert notice deadline already set by the Court. *See* ECF No. 83.

On November 10, 2026, Defendant filed a motion complaining that he "was made to sit in [a] room with three law enforcement agents" prior to his arraignment on the superseding indictment without notice to counsel and without receiving Miranda warnings. ECF No. 84 at 1. Defendant also timely filed motions *in limine* as to Count One of the original indictment. *See* ECF No. 85. Defendant did not file motions addressing the charges in the superseding indictment, despite having argued to the Court that the superseding indictment justified extending the motions *in limine* deadline. Instead, Defendant requested that the Court set a new briefing schedule for motions *in limine* related to the charges in the superseding indictment if it denies severance, falsely stating that Defendant had moved to sever both charges of the superseding indictment. *Id.* at 1 n.1; *see* Severance Mot. at 9 (moving to sever only Count Two of the superseding indictment).

On November 11, 2026, the Government filed its motions *in limine* late, without a request for a *nunc pro tunc* extension or explanation for its delay. *See* ECF No. 86. The Government also untimely requested an additional week to submit another motion *in limine* "concerning protective measures for undercover law enforcement personnel and confidential sources who may testify at trial," ECF No. 87, and filed a letter to the Honorable Gary Stein correcting misstatements made by the Government during Defendant's arraignment proceedings, *see* ECF No. 88.

On November 12, 2026, Defendant submitted two letters to the Court regarding the Government's production of allegedly new discovery on November 11, 2026. *See* ECF Nos. 89, 90. In his first letter, Defendant suggested that the Government intended to use newly unclassified material at trial in a manner inconsistent with its representations to defense counsel.

*See* ECF No. 89. Shortly thereafter, counsel "wr[o]te to correct an error" in the letter, representing that the Government had clarified that "it has no intention of using any of the newly unclassified . . . discovery at trial." ECF No. 90 at 1. Notwithstanding the clarification, the Government states that it "reserves the right to use unclassified materials produced as evidence to the extent they are admissible." Severance & Charges Opp., ECF No. 91, at 17 n.7. Neither letter from counsel seeks relief beyond "reiterat[ing] the strength and fairness of [] Alimehmet's [*sic*] motion for a separate trial." ECF No. 90 at 1. As such, they are not addressed among the outstanding motions discussed below.

On November 13, 2026, with the Government's consent, Defendant requested an extension of the Rule 16 expert disclosure deadline for defense expert Tore Hamming to November 15, 2026, *see* ECF No. 93, which the Court granted, *see* ECF No. 94. The Government then requested a reciprocal extension of the expert notice deadline, *see* ECF No. 95, which the Court also granted, *see* ECF No. 98.

In addition to these docketed motions and email correspondence, the Court has received various emails from the parties, *inter alia*, seeking clarification of longstanding orders shortly before a deadline, impugning the accuracy of each other's statements, and blaming each other for delays.

## II. Outstanding Motions and Disputes

### A. Charges at Trial

The parties dispute whether the Government may proceed to trial on both the charges in the superseding indictment and Count One of the original indictment. *See* ECF No. 77 (Government's letter clarifying intended charges); Charges Mot., ECF No. 82 (defense counsel's letter motion contesting propriety of proceeding on two indictments). Defendant "ask[s] the

Court to require the [G]overnment to elect, before trial, whether it will proceed" under the original or superseding indictment and to bar trial on charges drawn from both instruments. Charges Mot. at 1. Defendant's motion is DENIED, and the indictments are consolidated pursuant to Federal Rule of Criminal Procedure 13.

"Two indictments may be outstanding at the same time for the same offense," so long as there is no prejudice to the defendant and "jeopardy has not attached to the first indictment."[2] *United States v. Grady*, 544 F.2d 598, 601 n.4 (2d Cir. 1976). Superseding indictments do not automatically effectuate the dismissal of prior indictments. *See, e.g., United States v. Pastor*, 419 F. Supp. 1318, 1325 (S.D.N.Y. 1975) ("[T]he prevailing practice in this judicial district is to require dismissal of superseded indictments only after a conviction or plea on the superseding indictment."). And a district court "may order two or more indictments . . . to be tried together if the offenses . . . could have been joined in a single indictment." *United States v. Gordon*, 655 F.2d 478, 485 (2d Cir. 1981) (citation omitted); *see also* Fed. R. Crim. P. 13.

The offenses charged in the original and superseding indictments in this case "could have been joined in a single indictment." *Gordon*, 655 F.2d at 485 (citation omitted). Federal Rule of Criminal Procedure 8(a) authorizes the joinder of offenses in a single indictment if they "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). "'Similar' charges include those that are 'somewhat alike,' or those 'having a general likeness' to each other." *United States v. Rivera*, 546 F.3d 245, 253 (2d Cir. 2008) (quoting *United States v. Werner*, 620 F.2d 922, 926 (2d Cir. 1980)). Joinder is warranted where counts have a "sufficient logical connection" to each other, *United States v. Ruiz*, 894 F.2d 501, 505 (2d Cir. 1990), or "where the

[2] Defendant cannot and does not argue that jeopardy has attached to the original indictment. *See* Charges Mot. at 1–2.

same evidence may be used to prove each count," *United States v. Blakney*, 941 F.2d 114, 116 (2d Cir. 1991). Here, all charges relate to Defendant's alleged online dissemination of manufacturing instructions for bombs, chemical weapons, and other dangerous materials, and the Government anticipates using overlapping evidence to prove all three offenses. *See* Severance & Charges Opp. at 6–8; *see also United States v. Ezeobi*, No. 10 Cr. 669, 2011 WL 3625662, at *1 (S.D.N.Y. Aug. 17, 2011) (noting that district courts may consider "the Government's pretrial representations of evidence that will be presented at trial" when assessing joinder).

The Court rejects Defendant's argument that he would be unfairly prejudiced were the Government to proceed to trial on charges from both indictments. *See Grady*, 544 F.2d at 601 n.4 (noting that two indictments may not be simultaneously outstanding if it would prejudice the defendant); *see also United States v. Halper*, 590 F.2d 422, 428–29 (2d Cir. 1978) (explaining that courts may not consolidate indictments under Rule 13 when it would result in unfair prejudice to the defendant).

With respect to the claim that prosecuting "overlapping terrorism-support theories under §§ 2339B and 2339A, based on the same six years of conduct . . . wrongly invites a compromise verdict," Charges Mot. at 2, Alimehmeti is no more prejudiced than any defendant subject to the standard practice of charging multiple crimes for the same offense conduct. *See United States v. Carpenter*, No. 13 Cr. 226, 2015 WL 9305638, at *5 (D. Conn. Dec. 21, 2015) ("It is well-established . . . that a defendant may be charged under multiple theories of liability for the same conduct."); *United States v. Josephberg*, 459 F.3d 350, 355 (2d Cir. 2006) ("Where two statutory sections operate independently of one another, 'there is no bar to the Government's proceeding with prosecution simultaneously under the two statutes.'" (quoting *Ball v. United States*, 470 U.S. 856, 860 (1985))). Moreover, even if Defendant offered more than speculation in support

of the alleged risk of a compromise verdict, it would not prelude joinder. *See Ruiz*, 894 F.2d at 505 (upholding district court's denial of motion to sever despite evidence of compromise verdict).

Defendant's claim that proceeding at trial on both indictments "create[s] a risk of cumulative punishment," Charges Mot. at 2, also fails. Defendant has made no showing that the charged offenses are multiplicitous so as to implicate the prohibition on cumulative punishment. *See Josephberg*, 459 F.3d at 354–55; *see also United States v. Chandia*, 514 F.3d 365, 371–72 (4th Cir. 2008) (holding that 18 U.S.C. § 2339A and § 2339B are not multiplicitous). Even if Defendant had made such a showing, his rights would "be protected by having the court enter judgment on only one" of any multiplicitous counts. *See Josephberg*, 459 F.3d at 355.

Finally, Defendant's argument that proceeding at trial on both indictments "leave[s] unclear which instrument controls the charges, the jury instructions, the verdict form, and forfeiture," Charges Mot. at 2, is inconsistent with Rule 13, which explicitly authorizes "separate cases [to] be tried together as though brought in a single indictment." Fed. R. Crim. P. 13.

Finding no prejudice, and no other basis to bar the Government from proceeding to trial on its intended charges, Defendant's motion is DENIED. The Court hereby CONSOLIDATES the original and superseding indictments for trial.[3]

B. Motion to Sever

Defendant moves to sever Count Two of the superseding indictment under Federal Rule of Criminal Procedure 14(a). *See* Severance Mot.; *see also* Severance & Charges Opp. The motion is DENIED.

Motions to sever are committed to the discretion of the trial judge. *See United States v.*

[3] Because the Court dismissed Count Two of the original indictment, *see* ECF No. 65, the charges remaining for trial are Count One of the original indictment and Counts One and Two of the superseding indictment.

*Chang An–Lo*, 851 F.2d 547, 556 (2d Cir.), *cert. denied*, 488 U.S. 966 (1988). A defendant seeking severance under Rule 14 "carries a heavy burden of showing that [trying the charged offenses together] will result in 'substantial prejudice.'" *United States v. Amato*, 15 F.3d 230, 237 (2d Cir. 1994) (citation omitted); *see also United States v. Sampson*, 385 F.3d 183, 190 (2d Cir. 2004) (explaining that a defendant moving to sever "must show not simply some prejudice but *substantial* prejudice" (citation omitted)). Prejudice to the defendant must be severe enough to outweigh "the interests of judicial efficiency . . . served by having the counts tried together." *Blakney*, 941 F.2d at 116; *see also United States v. Walker*, 142 F.3d 103, 110 (2d Cir. 1998).

Defendant fails to demonstrate substantial prejudice warranting the "extreme remedy" of severance. *United States v. Lopez*, No. 18 Cr. 736, 2019 WL 4733603, at *4 (S.D.N.Y. Sept. 27, 2019). First, a joint trial does not improperly force him to choose between adequate preparation time on Count Two of the superseding indictment and asserting his right to a speedy trial under the Speedy Trial Act, 18 U.S.C. § 3161. *See* Severance Mot. at 5–7. No time has yet run on the seventy-day Speedy Trial Act clock because the Court has excluded time from the return of the original indictment through the date of trial under § 3161(h)(7), without objection from Defendant. *See* ECF No. 14 (indictment filed 3/21/2025); 4/1/2025 Minute Entry (Alimehmeti's first appearance following indictment); ECF Nos. 25, 45, 50, 51, 53. As such, Defendant could seek to adjourn trial for up to seventy days to prepare his defense on Count Two, without compromising his rights under the Speedy Trial Act. *See* 18 U.S.C. §§ 3161(c)(1), (h). Alternatively, Defendant could proceed to trial on all counts as scheduled without sacrificing the minimum trial preparation time afforded by 18 U.S.C. § 3161(c)(1). Accepting Defendant's argument that he cannot be forced to go to trial less than thirty days after the filing of the superseding indictment, *see* Severance Mot. at 5–6, trial is scheduled to begin a statutorily

permissible thirty-two days after the superseding indictment was filed. *Compare* ECF No. 53 (setting trial for December 7, 2026), *with* ECF No. 73 (superseding indictment dated November 5, 2026).[4]

Second, the risk of evidentiary spillover, *see* Severance Mot. at 7–8, is minimal and can be cured with a limiting instruction. Count Two of the superseding indictment, which Defendant seeks to sever, is a predicate offense of Count One of the same indictment. *See* Severance Mot. at 8; Severance & Charges Opp. at 10–11. The same evidence is, therefore, likely admissible to prove both counts. Should the Court ultimately rule that certain evidence is admissible only as to Count Two, spillover prejudice remains unlikely because evidence related to dangerous substances is not more inflammatory than evidence related to providing resources to ISIS. *See United States v. Morales*, 185 F.3d 74, 83 (2d Cir. 1999) (finding no prejudicial spillover where "the evidence that the [G]overnment presented on the reversed counts was, as a general matter, no more inflammatory than the evidence that it presented on the remaining counts"). The Court further concludes, in its discretion, that the "less drastic measure[]" of "limiting instructions . . . will suffice" to address any minimal prejudice arising from spillover. *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

In sum, Defendant has fallen short of his "heavy burden" to justify severance. *Amato*, 15 F.3d at 237. The motion is, therefore, DENIED.

C. Expert Notice Deadline

Defendant's request to extend his expert notice deadline to a week after the

---

[4] Defendant's motion cites only the Speedy Trial Act and does not invoke his Sixth Amendment right to a speedy trial. *See* Severance Mot. at 5–7; U.S. Const. amend. XI. Regardless, the Court agrees with the Government that this is not the "unusual case in which the time limits of the Speedy Trial Act have been met but the [S]ixth [A]mendment right to speedy trial has been violated." *United States v. Shakur*, No. 84 Cr. 220, 1987 WL 12404, at *5 (S.D.N.Y. June 11, 1987) (citation omitted); *see also* Severance & Charges Opp. at 16.

Government's expert notice deadline, while simultaneously objecting to any Government expert timely noticed pursuant to ECF No. 78, is DENIED. *See* ECF No. 83. The parties have already received repeated extensions of the expert notice deadline, *see* ECF Nos. 51, 52, 66, 78, 94, 98, including an extension granted one day prior to Defendant's request, *see* ECF No. 78. The Court fully considered Defendant's argument that the "the government bears the burden of proof on the elements of the offenses," ECF No. 83, when it previously determined that the Government and Defendant would be subject to the same expert notice deadline. *See, e.g.,* ECF No. 45. Furthermore, Defendant's objection to newly noticed Government experts is unfounded, as both parties benefit from two additional weeks to notice experts. *See* ECF No. 83.[5]

D. Order Regarding Computer Access

Defendant's request that the Court issue the proposed order at ECF No. 81-2 is GRANTED. The Court notes that, despite a direct inquiry from chambers, defense counsel has not clarified whether Defendant has access to a laptop pursuant to the Court's order at ECF No. 72. *Compare* ECF No. 81 at 1 ("[T]here is a protracted process to getting a laptop to a detained defendant, including obtaining a specific order from the Court."), *with id.* at 2 ("The timing of the laptop being given to [Defendant] is suspect."). Nonetheless, because of (1) the importance of Defendant's access to discovery material and (2) the Government's lack of timely opposition to the motion, the Court will separately enter the proposed order.

E. FBI Access to Defendant Absent Counsel

The Court has reviewed defense counsel's letter regarding FBI agents' meeting with Defendant without the presence of counsel directly prior to his arraignment. *See* ECF No. 84.

---

[5] This request is denied without prejudice to renewal upon a showing by Defendant that an adjournment of trial is necessary to prepare an adequate defense to Count Two of the superseding indictment and that such preparation involves retaining additional experts to address Count Two. *See* ECF No. 83 at 1 (suggesting that Defendant would rely on an expert with "a degree in chemistry or bomb making" to determine a defense to Count Two).

Defendant offers no legal authority for his requests that (1) "the government . . . tell the Court and the defense in which two other cases the government has undertaken conduct that encourages a defendant to make a spontaneous statement to law enforcement" or (2) "the United States Marshal Service be told to not make . . . clients available to law enforcement without either (i) an Order from the Court; or (ii) after notice and consent from defense counsel is given to them in writing." *Id.* at 2. These requests are, therefore, DENIED. The Court will nonetheless consider both parties' accounts in independently assessing United States Marshal Service policy with respect to this issue.

F. Motion for Extension of Time Re: Motion *in Limine*

The Government's request for an extension of time to file a motion *in limine* "concerning protective measures for undercover law enforcement personnel and confidential sources who may testify at trial," ECF No. 87, is DENIED. The Government has had nearly two years to prepare for trial. *See* ECF No. 1. The Court has repeatedly extended the deadline for motions *in limine*, *see* ECF Nos. 45, 51, 52, 75, most recently five days before the Government requested this extension, *see* ECF No. 75. Despite these extensions, the Government submitted its request for a further extension of time after the deadline for motions *in limine* had expired. *See* ECF No. 87. The Government's motion also offers no explanation for why it failed to "consult with relevant law enforcement agencies and complete its assessment of the particular protections necessary to safeguard the witnesses and safeguard the integrity of ongoing investigations" prior to the Court-ordered deadline. *Id.* Although the Court recognizes the importance of protecting confidential sources and undercover law enforcement personnel, the Government's unjustified delay is unacceptable. This motion is denied without prejudice to renewal upon a showing of good cause and a lack of prejudice to Defendant.

III. Professional Standards

Both parties are on notice that their conduct in this action has fallen below the Court's expectations for case management and professionalism. The parties' reliance on email correspondence to communicate with the Court appears to facilitate finger-pointing, deadline noncompliance, and inadequately supported requests for relief. As such, the Court will henceforth accept communications from the parties only via filings on the public docket unless: (1) the communication is *ex parte* and/or under seal; (2) the communication responds to an email initiated by Chambers; or (3) an extenuating circumstance exists, such as technical difficulties disrupting access to ECF. The parties are directed not to submit courtesy copies of filings in this action. Additionally, the parties are reminded that they should confer in order to avoid the filing of motions that misrepresent the opposing party's position. *See, e.g.*, ECF Nos. 89, 90.

**CONCLUSION**

Accordingly:

Defendant's motion to bar consolidation of the original and superseding indictments is **DENIED**.

Defendant's motion to sever Count Two of the superseding indictment is **DENIED**. The Clerk of Court is respectfully directed to terminate ECF Nos. 76, 89, and 90.

Defendant's motion to extend its expert notice deadline is **DENIED**. The Clerk of Court is respectfully directed to terminate ECF No. 83.

Defendant's motion for the Court to enter its proposed order, ECF No. 81-2, is **GRANTED**. The Clerk of Court is respectfully directed to terminate ECF No. 81.

Defendant's motion requesting certain relief with respect to his encounter with FBI agents is **DENIED**. The Clerk of Court is respectfully directed to terminate ECF No. 84.

The Government's request for an extension of time to file an additional motion *in limine* is **DENIED**. The Clerk of Court is respectfully directed to terminate ECF No. 87.

SO ORDERED.

Dated: November 16, 2026
New York, New York

ANALISA TORRES
United States District Judge